IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | Criminal Action No. |
| ORASAMA ANDREWS, | : | 5:08-cr-72 (HL) |
| Defendant. | : | |

**ORDER**

Before the Court is Defendant Orasama Andrews' motion to remand (Doc. 83) and letter dated October 30, 2010, requesting the Court remove his sentence enhancement (Doc. 87). His motion to remand is denied and his request to remove the sentence enhancement is denied.

The Defendant was convicted of drug offenses in violation of 21 U.S.C. § 841(a)(1). He was sentenced to life imprisonment on December 22, 2009. The Eleventh Circuit affirmed his convictions (Doc. 84).

In his motion to remand the Defendant asks that his case be remanded to the Superior Court of Butts County (Doc. 83). He argues that his federal drug trafficking case was "improperly removed" from the Superior Court of Butts County to the federal court. He alleges improper service in violation of 28 U.S.C. § 1446(d) and claims the Court has no subject matter jurisdiction over his case. He writes that a

criminal warrant was issued in Butts County that accused him of selling and trafficking cocaine in violation of Georgia's criminal code. The Defendant seems to be making a double jeopardy argument by asserting that the United States Attorney's Office could not indict him on federal charges because a state criminal case was pending.

As an initial matter, there is nothing in the record, absent the Defendant's own assertions, showing that there was a state case pending  Further, the federal criminal code and the Georgia criminal code derive from separate sovereigns. There is no violation of double jeopardy if a person is tried in both federal and state court for the same conduct. <u>United States v. Vaughan</u>, 491 F.2d 1096, 1097 (5th Cir. 1974).  In this case, there was no double jeopardy violation and no removal of the Defendant's case from state to federal court; rather, the federal government exercised its authority to prosecute the Defendant for a violation of federal law, not Georgia criminal law. The Defendant's motion to remand is accordingly denied.

The letter from the Defendant to the Court dated October 30, 2010 asks the Court to remove his sentence enhancement, a life sentence issued pursuant to 21 U.S.C. § 841(b)(1)(A).  He argues that the Court should have held a hearing on whether his prior convictions were valid prior to sentencing him to life imprisonment.

The proper vehicle to challenge the Court's conduct during the sentencing hearing or the length of the Defendant's sentence is on appeal or through a motion for a writ of habeas corpus, 28 U.S.C. § 2255.  His letter, dated October 30, 2010,

was written approximately ten months after he was sentenced. The time to file a motion to correct the sentence has long passed.

The motions to remand (Doc. 83) and to reduce sentence (Doc. 87) are accordingly denied.

**SO ORDERED**, this the 16th day of December, 2010.

/s/ Hugh Lawson
**HUGH LAWSON, SENIOR JUDGE**

lmc