# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Action No. |
| | : | 5:08-cr-72 (HL) |
| ORASAMA ANDREWS, | : | |
| Defendant. | : | |

# ORDER

Before the Court is the Defendant's motion for a more definite statement and/or findings of fact along with conclusions of law (Doc. 93). The Court construes the motion as a motion for reconsideration of its order denying the Defendant's motion to remand. The motion is denied.

The Defendant was sentenced to life in prison for drug related crimes. The Eleventh Circuit affirmed his conviction and sentence.

The Defendant explains in his motion to reconsider that he does not understand why the Court denied his motion to remand. The Defendant asked the Court to remand this case to state court since the Defendant had been indicted on similar state drug charges. The Court denied the motion to remand finding no evidence of a separate state criminal matter and further finding that the allegation, if true, did not violate double jeopardy rules.

The Defendant contends in this motion that he was not arguing for remand based on double jeopardy grounds, but based on the alleged rule that the federal

and state courts cannot try a defendant for the same crime at the same time. He also asserts that this Court did not have jurisdiction over his case because it was a Georgia criminal case. He attached to his motion warrants for his arrest issued by a Georgia magistrate judge and a copy of his indictment for drug violations issued in the Superior Court of Butts County, Georgia.

The Court denies the motion to reconsider. Taking the Defendant's view of the law as true there still is no evidence that he was tried or convicted in the Superior Court. While an indictment was issued, the Defendant has not shown any action was taken on the indictment. Moreover, this Court has jurisdiction over the case because the Defendant was charged with violating federal criminal laws, mainly 28 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2. Finally, a motion to remand is a mechanism used in civil actions only. Accordingly, the motion (Doc. 93) is denied.

**SO ORDERED**, this the 24th day of May, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc